```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
            SOUTHERN DIVISION
```

KAMERON WILLIAMS, # 790578,          *
                                     *
    Plaintiff,                       *
                                     *
vs.                                  *  CIVIL ACTION NO. 23-00018-KD-B
                                     *
MOBILE COUNTY METRO JAIL,            *
                                     *
    Defendant.                       *

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Kameron Williams, who is detained at the Mobile County Metro Jail, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 and a printout of his inmate account. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. 72(a)(2)(R).

In an order dated January 23, 2023, the Court noted that Williams had neither paid the filing fee nor filed a motion to proceed without prepayment of fees on the Court's form as required. (Doc. 3 at 1). Because Williams had already submitted a printout of his inmate account, the Court ordered him to complete and file a motion to proceed without prepayment of fees on this Court's form by February 14, 2023. (Id.). The Clerk of Court was directed to send Williams this Court's form for a motion to proceed without prepayment of fees for his use. (Id.). The Court warned Williams

that failure to comply with the order within the prescribed time would result in a recommendation that this action be dismissed for failure to prosecute and obey the Court's order. (Id. at 1-2). The order was mailed to Williams at the Mobile County Metro Jail address listed on his complaint.

To date, Williams has not filed a motion to proceed without prepayment of fees, despite being ordered to do so by February 14, 2023. Williams has not requested additional time to complete and file a motion to proceed without prepayment of fees, he has not indicated that he is unable to comply with the Court's order, and he has not provided any explanation for his failure to timely comply with the Court's order. Additionally, the order has not been returned to the Court as undeliverable, and an online search reveals that Williams is still incarcerated at the Mobile County Metro Jail, where the order was sent.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483

(11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Williams has made no apparent attempt to comply with the Court's order directing him to complete and file a motion to proceed without prepayment of fees by February 14, 2023.  Nor has Williams explained his failure to comply with the Court's order, indicated that he is unable to comply, or sought additional time within which to comply.  Williams's lack of response suggests that he has lost interest in and abandoned the prosecution of this action.  In light of Williams's failure to prosecute this action and failure to obey this Court's order by timely filing a motion to proceed without prepayment of fees, it is recommended that this action be **DISMISSED without prejudice**

pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.[1]

If Williams disputes the finding that he failed to comply with the Court's order directing him to complete and file a motion to proceed without prepayment of fees, he must set forth in an objection to this report and recommendation the reasons for his failure to file a motion to proceed without prepayment of fees as directed. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with an order to pay a partial filing fee).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The

---

[1] The Court notes that Williams complains of acts or omissions that occurred in January 2023. (See Doc. 1 at 4-5). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Williams would have the ability to refile his claims prior to the expiration of the statute of limitations.

4

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **16th** day of **March, 2023.**

                              /S/ SONJA F. BIVINS
                         **UNITED STATES MAGISTRATE JUDGE**